**In re David R. VERNON and Karen J. Vernon, Debtors.**

**Randall B. Fowlds, Debtor.**

**Nos. 9:07–bk–05638–ALP, 9:07–bk–07943–ALP.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

March 5, 2008.

Edward R. Miller, Gregory Champeau, Richard J. Hollander, Robert E. Tardif, Jr., Miller and Hollander, Naples, FL, for Debtors.

***ORDER SUSTAINING TRUSTEE'S OB-JECTIONS TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN***

ALEXANDER L. PASKAY,
Bankruptcy Judge.

(Case No. 9:07–bk–05638–ALP, Doc. No. 61 and Case No. 07–7943, Doc. No. 28)

The Trustee's objections in both the above-captioned cases are based on the claim that the Chapter 13 Plans of the Debtors do not meet the standard for confirmation under 11 U.S.C. § 1325(b)(1). The Trustee has raised objections because both Debtors now seek a deduction for secured debt payments on property they surrendered, eliminating their future obligation to pay. In the case of David R. and Karen Vernon (Vernons), the Debtors intended to surrender their homestead property post-petition, and therefore, have no further obligation to pay the expense which is stated as a deductible expense in the Debtors' Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Form B22C) because the property has been surrendered. In the case of Randall B. Fowlds (Fowlds), the Debtor also proposes to surrender the homestead property and will not be required to make any payments due on the surrendered collateral but still seeks to include the payments as a deductible expense for the purposes of determining projected disposable income. Put in

the simplest terms, the Trustee's position is that the amount reasonably necessary to be expended shall be determined with reference to the status of the Debtors on the effective date of the Plan, which is the confirmation date. For this reason, according to the Trustee, the Plan as structured cannot be confirmed because the two contractual obligations due on surrendered collateral is claimed by Debtors as an expense even though they are not paying any of these obligations.

In opposition to the Trustee's position, the Debtors urge that by virtue of 11 U.S.C. § 1325(b)(3), the amount reasonably necessary to be expended shall be determined by subparagraphs (A) and (B) of 11 U.S.C. § 707(b)(2) as it exists on the date applying the means test, which is the commencement date and, of course, includes the deductions for the obligations which are no longer being paid.

The relevant facts are indeed without dispute, as both the Vernons and Fowlds claimed the secured payments as a deductible expense for the purposes of the means test under 11 U.S.C. § 707(b)(2)(A). The basis of the claim is that in both cases they intended to and did, in fact, surrender the collateral. Consequently, there is no further obligation that has to be paid under the secured debt. If the Trustee's contention is sustained, greater amounts would be available to fund the Chapter 13 Plan. Section 1325(b)(1)(B) provides that if the trustee or holder of an allowed secured claim objects to the confirmation of the plan, the court may not approve the plan unless the plan satisfies subparagraph (B) which provides that "all the debtor's *projected disposable income* to be received in the applicable commitment period ... will be applied to make payments to the unsecured creditors under the plan." (Emphasis added). Therefore, the Plans as structured do not meet the requirements of 11

U.S.C. § 1325(b)(1)(B), and they cannot be confirmed.

In opposition to the Trustee's contentions, counsel for the Debtors contends that the reference in 11 U.S.C. § 1325(b)(3), which provides that the amounts reasonably necessary to be expended shall be determined in accordance with subparagraph (A) and (B) of § 11 U.S.C. § 707(b)(2), indicates that expense deductions for purposes of the means test in Chapter 7 are also applicable in Chapter 13. Section 707(b)(2) provides that if the debtor's current monthly income is reduced by the amounts determined and multiplied by 60 is not less than 25% of the debtor's non-priority unsecured claims or $6,000, whichever is greater; or $10,000 whichever is lesser. Section 707(b)(2)(A)(ii)(I) determines the debtor's applicable monthly expenses, as specified by national and local standards, in addition to the debtor's actual monthly expenses as issued by the Internal Revenue Service (IRS) for categories identified as "Other Necessary Expenses". The IRS standards correlate to the area where the debtor resides on the date of the order for relief. Based on this, it is the contention of the Debtors that based on the literal reading of these sections, disposable income is determined by Form B22C, extrapolated over the applicable commitment period. The statute requires no more; all projected disposable income shall be determined with reference to Schedules I and J and Form B22C, and no changes that might occur after the commencement of the case may be considered based on a strict reading of the statute.

## ANALYSIS

After the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), 11 U.S.C. § 1325 now requires a calculation of

*projected disposable income* which includes the income component and appropriate deductions. However, the term "projected" is not defined in the Code, and some courts have looked to the dictionary definition which is to "calculate, estimate, or predict something in the future based on the present date or trends." *In re McPherson,* 350 B.R. 38, 44 (Bankr. W.D.Va.2006); *In re Jass,* 340 B.R. 411, 415 (Bankr.D.Utah 2006). In the case of *In re Nowlin,* 366 B.R. 670, 674 (Bankr. S.D.Tex.2007), the court held that the phrase "projected" modified disposable income in 11 U.S.C. § 1325(b). Therefore, the term "projected disposable income" requires the debtor to account for any events which will definitely occur during the plan's duration that will affect either the income or expense components of the disposable income equation. *See McPherson,* 350 B.R. at 43. Focusing on the phrase "projected disposable income", the *Nowlin* court further held that any specific changes to the disposable income calculation that will occur under the plan must be included. *Nowlin,* 366 B.R. 670. In *Nowlin,* the debtor knew that a 401(k) loan obligation satisfied in month 24 would create additional funds available during months 25 to 60, but the plan did nothing to include those funds. *Id.* The court determined that the debtor had not committed all disposable income to the plan, and therefore, it could not be confirmed. *Id.*

The cases considering not the income, but the expense portion of the equation, also concluded that there is no room in Section 1325(b) for the deduction of payments that the debtors do not intend to actually make. *In re McGillis,* 370 B.R. 720 (Bankr.W.D.Mich.2007); *In re Edmunds,* 350 B.R. 636 (Bankr.D.S.C.2006); *In re Renicker,* 342 B.R. 304 (Bankr. W.D.Mo.2006); *In re Crittendon,* No. 06–10322 C–13G, 2006 WL 2547102 (Bankr. M.D.N.C. Sept.1, 2006). In the case of

*McGillis,* the court, in its almost encyclopedic treatment similar to a law review article, considered all aspects of the confirmation process including analysis of the means test and the propriety of deducting nonexistent expenses. The *McGillis* court held that the debtor seeking relief under Chapter 13 must meet the additional requirements imposed by 11 U.S.C. § 1325(b) regarding calculation of the expense portion of the equation. *McGillis,* 370 B.R. 720. The additional requirements dictate the exclusion of any exemption the debtor does not need post-confirmation for family maintenance under the proposed plan. *Id.*

In the case of *In re Spurgeon,* 378 B.R. 197 (Bankr.E.D.Tenn.2007), the court, having considered the reason for the distinction between Chapter 7 and 13, concluded that the projected disposable income permits the court to apply a deduction statute on the basis of events in a Chapter 13 case in terms of the proposed plan. Specifically in *Spurgeon,* the order lifting the stay, including a provision to surrender the mobile home, meant that the deduction should not include payments to the creditor as required by the contract. *Id.* The court relied on 11 U.S.C. § 1325(b)(2)(B) in holding that disposable income is determined as of the effective date which is the confirmation date of the plan. *Id.* Therefore, the term disposable income shall be viewed as the status of expenses actually to be paid under the plan on the date of confirmation rather than a snapshot approach where some courts have found the date of filing is the controlling date.

Accordingly, the disposable income shall be determined by applying 11 U.S.C. §§ 707(b)(2)(A) and (B) according to the pertinent circumstances existing on the date of the confirmation hearing. *In re Ries,* 377 B.R. 777 (Bankr.D.N.H.2007). In *Ries,* the court used the presumption

approach and held that the strict reading of 11 U.S.C. § 707(b) for the means test is proper, but only to the extent it creates a rebuttable presumption with respect to projected disposable income. *Ries*, 377 B.R. at 786 *citing Kibbe v. Sumski (In re Kibbe)*, 361 B.R. 302 (1st Cir. BAP 2007). The *Ries* court held that notwithstanding an objection by the trustee or party of interest, disposable income is subject to modification by the debtor, as the calculation of disposable income does not reflect actual disposable income over the plan commitment period. As stated by the court in *Renicker*, Form B22C disposable income is only the starting point when it shows that income fails to predict actual ability to fund a plan, based on proper showing. *Renicker*, 342 B.R. 304; *see also In re Lanning*, 380 B.R. 17 (10th Cir. BAP 2007).

In sum, the disposable income test is not used to presume abuse of filing. The question is whether a plan is confirmable because the plan proposes that all disposable projected income will be paid during the life of the plan. The answer can only be resolved by considering plan provisions which determine what the disposable income is without considering the deduction claimed by the debtor on the basis of abandoning the collateral.

■ The cases cited in opposition support the proposition that determining disposable income is governed by Schedules I and J and rely on the snapshot approach, meaning disposable income is determined as of the date of commencement. Most of the case law cited by the Debtors deal with Chapter 7 cases, which for obvious reasons are inapposite to the issue under consideration. For example, some courts have held that the deduction statute in question, as part of the Chapter 7 means test, would still permit the debtor to deduct future payments even though he surrendered the collateral and is no longer obligated to make such payments. *In re Parada*, No. 07–15938–BKR–LMI, 2008 WL 126626 (Bankr.S.D.Fla. Jan.10, 2008); *In re Benedetti*, 372 B.R. 90 (Bankr.S.D.Fla.2007); *In re Hartwick*, 352 B.R. 867 (Bankr.D.Minn. 2006), *aff'd in part, rev'd in part, Fokkena v. Hartwick*, 373 B.R. 645 (D.Minn.2007); *In re Simmons*, 357 B.R. 480 (Bankr. N.D.Ohio 2006); *In re Nockerts*, 357 B.R. 497 (Bankr.E.D.Wis.2006); *In re Randle*, 358 B.R. 360 (Bankr.N.D.Ill.2006) *See also In re Walker*, No. 05–15010–WHD, 2006 WL 1314125 (Bankr.N.D.Ga. May 1, 2006). For instance, the court in the case of *In re Burden*, 380 B.R. 194 (Bankr.W.D.Mo. 2007), permitted a debtor to deduct monthly mortgage and car payments for purposes of the means test despite the debtor's stated intent to surrender the home and vehicle. The policy aim of Chapter 7 is completely different from the policy aim of Chapter 13; therefore the allowance of a deduction under Chapter 7 has no relevance under a Chapter 13 plan *Crittendon*, 2006 WL 2547102, at *3.

The only Chapter 13 cases cited by the Debtors were *In re Frederickson*, 375 B.R. 829 (8th Cir. BAP 2007) and *In re Burmeister*, 378 B.R. 227 (Bankr.N.D.Ill.2007). In the case of *Frederickson*, the court held that projected disposable income used in 11 U.S.C. § 1325(b) must be calculated based on Form B22C and extrapolated over the applicable commitment period. The *Burmeister* court emphasized the significance of the phrase "contractually due" in 11 U.S.C. § 707(A)(iii)(I) defining it as the legal obligation under a contract owed by a debtor.

■ When one considers the overall policy aims of the Code, it is clear that 11 U.S.C. § 707(b)(2)(A) was adopted to ferret out improper parties who have the ability to pay debt, but seek the easy way out by taking advantage of the exemptions

and failing to surrender practically anything to the administration for creditors, yet obtain a release of their obligations through discharge provisions of 11 U.S.C. § 727(a). The Chapter 7 means test was designed for dismissal under abuse of the system. On the other hand, in construing a Chapter 13 plan, Congress intended to determine the maximum a debtor could pay under a Chapter 13 plan. Eugene R. Wedoff, *Means Testing in the New § 707(b)*, 79 Am. Bankr.L.J. 231, 272 (2005). As a result, the Debtor's arguments for allowing deductions even when collateral is surrendered post-petition may be appropriate within the context of a Chapter 7 case where the court is determining whether the filing is an abuse of the Code through the means test, but are inapplicable in situations concerning 11 U.S.C. § 1325 due to the different policy goals of Chapter 13. *In re Crittendon*, 2006 WL 2547102, at *3. If Congress intended to create a means test as a blunt measure of ability to pay without regard to a Chapter 13 plan, that would lead to results that are illogical and sometimes produce a strange result. *In re Gress*, 344 B.R. 919 (Bankr.W.D.Mo.2006).

The realistic approach to the seemingly contradictory provisions of the Code, and the cases discussing the problem compels the conclusion that consistent with the policy aims, as noted above, the Debtors' Plans fail to meet the requirements of 11 U.S.C. § 1325(b)(1)(B) and therefore, as structured cannot be confirmed.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Objection to Confirmation of Debtor's Chapter 13 Plan Case No. 9:07–bk–05638–ALP, Doc. No. 61 and Case No. 07–7943, Doc. No. 28 be, and the same are hereby sustained, and the Chapter 13 Plans of the Vernons and Fowlds are not confirmed. The Plans are disapproved without prejudice to give the Debtors an opportunity to amend their Plans in accordance with 11 U.S.C. § 1325(b)(1)(B).